**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| PATRICIA J. CARTER, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| DOUGLAS COUNTY, Nebraska. | ) | |
| a Political Subdivision and | ) | |
| JOHN W. EWING Jr., in his | ) | |
| official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Comes now Plaintiff PATRICIA J. CARTER ("Plaintiff" or "Ms. Carter"), by and through her undersigned counsel, files this Complaint against DOUGLAS COUNTY and JOHN W. EWING, Jr. ("Defendant" or "Defendants") and states and alleges as follows:

**I. NATURE OF THE ACTION**

This is an action for declaratory, injunctive, and equitable relief, as well as monetary damages, to seek redress against Defendants for retaliation committed against Plaintiff by Defendants, in violation of: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et. seq*. (Title VII), 42 U.S.C. Section 1981, and the Nebraska Fair Employment Practice Act Neb. Rev. Stat. Section 48-1101, *est. seq*., for unlawful employment practices—retaliation against Plaintiff for her discrimination complaints.

**II. JURISDICTION AND VENUE**

1. Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under federal law.

2. Venue is proper in this district pursuant to 28 U.S.C. Sections 1391(b) and (c) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## III. ADMINISTRATIVE PROCEDURES

3. On March 19, 2021, and March 29, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Nebraska Equal Opportunity Commission ("NEOC"). These charges of discrimination arose out of the same facts alleged herein. On September 14, 2022, Plaintiff received a Notice of Right to Sue from the EEOC and NEOC. This action was timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.[1]

4. Plaintiff has complied with any and all other prerequisites to filing this Action.

5. Plaintiff notes a continuing action Charge of Discrimination, dated March 25, 2022, Charge Number 1-21/22-3-52578-RD 32E-2022-00280.

## IV. PARTIES

6. Plaintiff Patricia J. Carter is a resident of Douglas County, State of Nebraska.

7. On June 20, 2007, Douglas County hired Plaintiff for the position of Sr. Director of Accounting and Auditing.

---

[1] See Exhibit 1.

8. At all relevant times, Plaintiff met the definition of an "employee."

9. At all relevant times, Defendant Douglas County has continuously been a political subdivision doing business in the State of Nebraska and the City of Omaha, Nebraska. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

10. Defendant has employed at least fifteen (15) employees at all relevant times.

11. At all relevant times, Defendant John Ewing, a black male, was Plaintiff's supervisor with the title of Douglass County Treasurer and an employee, agent, or servant of Douglas County, Nebraska. He is sued both individually and in his official capacity.

## V. FACTUAL BACKGROUND

12. Plaintiff Ms. Patricia J. Carter is an African American female.

13. On June 20, 2007, Douglas County hired Ms. Carter for the position of Sr. Director of Accounting and Auditing.

14. On November 17, 2008, Ms. Carter received a performance review wherein she received an overall rating of 3.66 in 6 categories—with a "3" rating meaning Ms. Carter frequently exceeds the expectations for the position and a "4" rating meaning Ms. Carter demonstrated superior performance as the norm rather than the exception.

15. On December 7, 2009, Ms. Carter received a second performance review, receiving an overall rating of 3.75.

3

16. On Friday, February 19, 2021, Ms. Carter was placed on a "Developmental Plan" by her supervisor, Mr. John Ewing, which included 18 developmental points and weekly follow-up meetings.

17. On Saturday, March 13, 2021, Ms. Carter filed a formal "Douglas County Employee Complaint Questionnaire," wherein she complained about the developmental plan as discriminatory based on Ms. Carter's race.

18. By Monday, March 15, 2021, Douglas County was in receipt of Ms. Carter's Employee Complaint Questionnaire.

19. On Monday, March 15, 2021, Ms. Karen Buche, Douglas County Director of Human Resources, assigned Ms. Carter's complaint to Ms. Carol Donnelly for investigation.

20. On Friday, March 19, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Nebraska Equal Opportunity Commission ("NEOC").

21. On Friday, March 19, 2021, Mr. Ewing issued a "Supervisor Documentation of Employee Counseling."

22. In the "Supervisor Documentation of Employee Counseling" dated Friday, March 19, 2021, Mr. Ewing alleged that Mr. Carter:

    a. Missed numerous deadlines,

    b. Has not been respectful in her verbal communication,

    c. Has not followed instructions for email communication.

23. In the "Supervisor Documentation of Employee Counseling" dated Friday, March 19, 2021, Mr. Ewing wrote under "Suggestions for Improvement,"

    a. Get all assignments done on time,

    b. Communicate and listen effectively,

c. Follow directives given for emails, and

d. Mandatory Employee Assistance Program (EAP).

24. Mr. Carter did not receive the "Supervisor Documentation of Employee Counseling" dated Friday, March 19, 2021, until July 2021.

25. In the "Supervisor Documentation of Employee Counseling" form under "Plan for Follow-Up," Mr. Ewing wrote that the employee was given an 18-point Developmental Plan, and there would be weekly follow-up.

26. On Monday, March 22, 2021, Mr. Ewing issued Ms. Carter a "Douglas County Treasurer's Office Written Reprimand."

27. In the "Douglas County Treasurer's Office Written Reprimand" dated Monday, March 22, 2021, Mr. Ewing alleged that Ms. Carter was:

a. Rude in a meeting and asked why [Mr. Ewing] was a part of the budget process.

b. Had on headphones throughout our senior staff and budget meeting and did not appear to be actively listening.

c. Was also made aware that [Mr. Ewing] wanted the administration staff to access our calendar, and [Ms. Carter] rudely said, "No."

d. Was asked to move to the table so we could conduct our weekly follow-up meetings regarding the Developmental Plan, and [Ms. Carter] said no and refused to move after several requests.

28. As a necessary corrective action, regarding Mr. Ewing required Ms. Carter to addend Mandatory EAP counseling by Friday, March 26, 2021, as a requirement for continued employment.

29. On Friday, March 26, 2021, Mr. Ewing issued a "Notice of Pre-Disciplinary Hearing" in pursuit of disciplinary action.

30. Therein, the "Notice of Pre-Disciplinary Hearing" in pursuit of employment disciplinary action, Mr. Ewing stated on Wednesday, March 24, 2021, he allegedly discovered:

    a. Ms. Carter did not perform a Systems Audit, which was assigned to her on Monday, February 8, 2021.

    b. On Thursday, February 11, 2021, Ms. Carter did not provide an audit report to Mr. Ewing within 48 hours of the audit.

    c. Ms. Carter did not complete Policy SPN-1-97 despite it being assigned months ago.

    d. The budget for systems assigned to Ms. Carter on Friday, March 12, 2021, and Monday, March 15, 2021, was turned in on Tuesday, March 16, 2021, a day late.

31. On Monday, March 29, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Nebraska Equal Opportunity Commission ("NEOC")—a continuing action.

32. On Tuesday, June 22, 2021, Ms. Carter made additional complaints of retaliation by Mr. Ewing between Monday, June 14, 2021, and Monday, June 21, 2021, to Ms. Karen Bunche, Human Resources Director.

33. On Thursday, June 24, 2021, Ms. Donnelly issued a "Douglas County Human Resources Department Employee Complaint Investigation Findings."

34. In her formal report, Ms. Donnelly concluded her investigation and found that Ms. Carter was not subjected to harassment, discrimination, or a hostile work environment.

35. Ms. Donnelly's formal report does not mention the word "retaliation," nor does the formal report determine Mr. Carter's retaliation complaint.

36. On Wednesday, July 14, 2021, Ms. Carter was suspended from employment without pay, secondary to the Notice of Pre-Disciplinary Hearing allegations outlined in paragraph 30.

37. On Monday, July 19, 2021, and Tuesday, July 20, 2021, Ms. Carter served a two-day suspension without pay.

38. On Friday, August 12, 2021, Mr. Ewing issued Mr. Carter a "Notice of Pre-Disciplinary Hearing" to pursue employment disciplinary action.

39. Therein, the "Notice of Pre-Disciplinary Hearing" in pursuit of Ms. Carter's termination, Mr. Ewing stated that on Friday, August 13, 2021, he allegedly discovered:

    a. On Wednesday, May 19, 2021, Ms. Carter did not provide budget information to office manager Jo Ann Sansbury.

    b. On Friday, June 4, 2021, Ms. Carter did not provide Mr. Ewing with an encumbrance report.

    c. On Friday, July 21, 2021, Mr. Ewing discovered an incorrect encumbrance report. This duty was assigned was specifically assigned to Ms. Carter several years ago.

    d. On Wednesday, March 10, 2021, Ms. Cater provided incorrect encumbrance reports—specifically, no encumbrance report in April 2021; incorrect report on Friday, May 21, 2021; incorrect report on Thursday, June 17, 2021; incorrect

report on Wednesday, July 21, 2021; incorrect report on Tuesday, August 10, 2021.

   e.   Failure to engage in senior staff meetings this entire year (2021) and slamming doors on numerous occasions.

   f.   On Tuesday, June 15, 2021, Ms. Carter "hung up" on Chief Deputy and systems staff when a zoom meeting Ms. Carter set up did not work properly.

   g.   On Wednesday, August 4, 2021, Mr. Ewing learned that Ms. Carter revoked her EAP referral.

40. On Wednesday, September 29, 2021, Ms. Cater was terminated from employment, secondary to the Notice of Pre-Disciplinary Hearing allegations outlined in paragraph 39(a)-(g).

41. To further support Ms. Carter's employment termination, Mr. Ewing identified "Previous Discipline" as the "Supervisor Documentation of Employee Counseling" form.

42. The form "Supervisor Documentation of Employee Counseling" states: This is Not a Disciplinary Form.

43. The "Supervisor Documentation of Employee Counseling" form is dated Friday, March 19, 2021; however, in Mr. Carter's termination letter, this event is dated Monday, March 22, 2021.

44. On Friday, March 25, 2022, Mr. Carter filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Nebraska Equal Opportunity Commission ("NEOC")—a continuing action.

45. Before her complaint alleging discrimination and harassment, dated Saturday, March 13, 2021, Ms. Carter's employee file contained no written remand, suspension, or demotion secondary to unsatisfactory job performance.

46. Upon information and belief, Defendants 'papered' Ms. Carter's employment file with adverse reports and reprimands to support and obtain her unjustified written reprimand, suspension, and employment termination.

47. As a result, of Defendants' retaliatory employment actions, Ms. Carter has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear, anguish; humiliation; embarrassment; lost enjoyment of life; lost wages; damaged professional reputation; lost fringe benefits; lost future earnings, and other emoluments of employment.

48. Plaintiff's job performance was satisfactory.

## VI. FIRST CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT—TITLE VII RETALIATION

49. The preceding paragraphs are incorporated herein as if outlined in full.

50. Plaintiff made a reasonable bona fide complaint to Defendants about harassment and discrimination she experienced and otherwise opposed practices made unlawful by Title VII of the Civil Rights Act of 1964, as Amended.

51. Defendants retaliated against Plaintiff because of her complaints and opposition to harassment and discrimination.

52. Plaintiff's protected activity was a motivating factor in Defendant's retaliation against her.

53. The unlawful employment practices were willful and intentional. Defendants knew and showed reckless disregard for the fact that its conduct was prohibited by Title VII of the Civil Rights Act of 1964, as Amended.

54. As a result of Defendants' acts or omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear, anguish; humiliation; embarrassment; lost enjoyment of life; lost wages; damaged professional reputation; lost fringe benefits; lost future earnings, and other emoluments of employment.

## VII. SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1981—RETALIATION

55. The preceding paragraphs are incorporated herein as if outlined in full.

56. Plaintiff made a reasonable bona fide complaint to Defendants about the racial harassment/discrimination she experienced and otherwise opposed practices made unlawful by Title VII of the Civil Rights Act of 1964, as Amended and 42 U.S.C. § 1981.

57. Defendants retaliated against Plaintiff because of her complaints and opposition to harassment and discrimination.

58. Plaintiff's protected activity was a "but-for" factor in Defendants' retaliation against her.

59. The unlawful employment practices were willful and intentional, and Defendants knew and showed reckless disregard for the fact that their conduct was prohibited in violation of 42 U.S.C. § 1981.

60. But for Defendants' acts or omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear, anguish; humiliation; embarrassment; lost enjoyment of life; lost wages; damaged professional reputation; lost fringe benefits; lost future earnings, and other emoluments of employment.

## VIII. THIRD CAUSE OF ACTION
## VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICE ACT— RETALIATION

61. The preceding paragraphs are incorporated herein as if outlined in full.

62. Plaintiff made a reasonable bona fide complaint to Defendants about discrimination and harassment she experienced and otherwise opposed practices made unlawful by Nebraska Fair Employment Practice Act Neb. Rev. Stat. Section 48-1101, *est. seq*.,

63. Defendants retaliated against Plaintiff because of her complaints and opposition to harassment and discrimination.

64. Plaintiff's protected activity was a motivating factor in Defendants' retaliation against her.

65. The unlawful employment practices were willful and intentional. Defendants knew and showed reckless disregard for their conduct being prohibited in violation of Nebraska Fair Employment Practice Act Neb. Rev. Stat. Section 48-1101, *est. seq*.,

66. As a result of Defendants' acts or omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear, anguish; humiliation; embarrassment; lost enjoyment of life; lost wages; damaged professional reputation; lost fringe benefits; lost future earnings, and other emoluments of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare Defendant's conduct to violate Title VII of the Civil Rights Act of 1964, Section 701, et seq., 42 U.S.C. Section 2000e, et seq., 42 U.S.C. Section 1981, and of Neb. Rev. Stat. Section 48-1104 et seq., the FEPA;

b. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on retaliation.

c. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, reinstatement of her position, the loss of past and future income, wages, compensation, job security and other benefits of employment.

d. Award Plaintiff compensatory relief, in an amount determined at trial, for emotional distress, humiliation, embarrassment, stress, depression, injury to reputation, mental anguish and anxiety, and other compensatory damages, as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, Section 701, et seq., 42 U.S.C. Section 2000e, et seq., 42 U.S.C. Section 1981 and of Neb. Rev. Stat. Section 48-1104, et seq., the FEPA;

e. Award Plaintiff punitive and exemplary damages in an amount determined at trial as a result of Defendants' willful and intentional violation of Title VII of the Civil Rights Act of 1964, Section 701, et seq., 42 U.S.C. Section 2000e, et seq. and 42 U.S.C. Section 1981;

f.  Award Plaintiff for reasonable attorneys' fees and costs to the fullest extent permitted by law; and

g.  Grant Plaintiff such other further relief as may be just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all matters raised in this Complaint.

Dated: December 8, 2022

PLAINTIFF PATRICIA J. CARTER

By: s/ Potso Mahlangeni-Byndon
Bar Number: 43031
Attorney for Plaintiff
2016 Fowler Avenue
Omaha, Nebraska 68110
(402) 570-1287
potso@byndonlaw.com